CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SYLVIA F. POINDEXTER, ) | |
| ) | Civil Action No. 7:16CV00122 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By:  Honorable Glen E. Conrad |
| ) |      Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Sylvia F. Poindexter, was born on January 2, 1966, and eventually completed her high school education. Ms. Poindexter has worked as a sewing machine operator and as a specialist in window and door assembly. She last worked on a regular basis in 2012. On July 24, 2012, plaintiff filed an application for a period of disability and disability insurance benefits. Ms. Poindexter alleged that she became disabled for all forms of substantial gainful

employment on March 16, 2012, due to a torn left Achilles tendon, high blood pressure, and arthritis. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Ms. Poindexter met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Ms. Poindexter's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 28, 2014, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Poindexter suffers from severe impairments caused by residuals of left Achilles tendon tear with calcaneal spur and Haglund's deformity, and associated pain, requiring two surgical procedures of the left Achilles tendon, as well as high blood pressure. (TR 26). Because of these impairments, the Law Judge ruled that Ms. Poindexter is disabled for her past relevant work role as a window factory specialist. (TR 37). However, the Law Judge determined that plaintiff retains sufficient functional capacity for sedentary work activity. (TR 28). The Law Judge assessed Ms. Poindexter's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform unskilled sedentary work. The claimant can lift and carry 20 pounds occasionally and lift and carry 10 pounds frequently. She can stand/walk 4 hours and sit about 6 hours with no real ability to push/pull with the left lower extremity and with the right upper extremity. She can occasionally climb ramps and stairs, never ladders, and balance frequently. She can occasionally stoop, crouch, crawl, and kneel. She would have no significant manipulative, visual, or communicative limitations and can, at best, perform unskilled work.

(TR 28). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that Ms. Poindexter retains sufficient functional capacity to perform several specific

2

sedentary work roles existing in significant number in the national economy. (TR 38). Accordingly, the Law Judge ultimately concluded that Ms. Poindexter is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. (TR 39). See generally 20 C.F.R. § 404.1520(g). Ms. Poindexter sought review of the adverse decision by the Social Security Administration's Appeals Council. (TR 20). In connection with her request for review, plaintiff submitted additional medical evidence. (TR 6). However, the Appeals Council ultimately adopted the Law Judge's opinion as the final decision of the Commissioner. (TR 1-4). Having exhausted all available administrative remedies, Ms. Poindexter has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that plaintiff's most serious problem consists of impairments of the left lower extremity. While she also suffers from hypertension, the medical evidence suggests that this condition has proven subject to reasonable pharmaceutical control. Although Mrs. Poindexter also experiences obesity

3

and emotional problems, including panic attacks, the court believes that the Administrative Law Judge properly determined that these additional problems are not severe in terms of functional impact. Nevertheless, Ms. Poindexter's left lower extremity problems are significant and greatly limit her capacity for exertional activity. It seems that plaintiff tore her left Achilles tendon in a work-related fall in March of 2012. She eventually underwent a left Achilles tendon repair with calcaneal ostectomy, which was performed on August 23, 2012. The first surgical reports indicate that Ms. Poindexter made a good recovery. However, she continued to experience pain in her left ankle, and sought a second opinion from Dr. James Chandler on May 20, 2013. Dr. Chandler noted a significantly antalgic gait. He prescribed conservative treatment for the Achilles complaints. When Ms. Poindexter continued to note pain, Dr. Chandler performed a second Achilles tendon repair on August 26, 2013. Following the second procedure, Ms. Poindexter still complained of pain in the left lower extremity, with swelling. Her doctors attribute her continuing pain to her antalgic gait. Dr. Chandler has recommended that Ms. Poindexter avoid prolonged standing, and that she elevate her left lower extremity and apply ice several times per day in order to control her swelling.

Without question, Ms. Poindexter's left lower extremity problems render her disabled for her past relevant work as a window specialist. However, the court believes that the Administrative Law Judge reasonably determined that plaintiff's physical problems are not so severe as to prevent performance of sedentary levels of work which do not involve use of the left lower extremity. As to plaintiff's need to elevate her left lower extremity and apply ice, the Administrative Law Judge pointed out that her treating physicians have not suggested that Ms. Poindexter is disabled for all forms of work. (TR 36). The Law Judge specifically relied on Dr.

4

Chandler's report in finding that plaintiff can reasonably accommodate her need to elevate her left leg and apply ice while at the same time maintaining a regular job. (TR 37). When presented with a hypothetical question setting forth residual functional capacity for a limited range of sedentary exertion, the vocational expert identified several specific work roles in which Ms. Poindexter could be expected to perform. The court finds that the vocational expert's consideration of the record, and the hypothetical questions under which the expert deliberated, are both reasonable and consistent with the evidence in plaintiff's case. The court concludes that the Law Judge reasonably relied on the vocational expert's testimony in concluding that plaintiff retains sufficient functional capacity for alternate work activities. It follows that the Law Judge's opinion is supported by substantial evidence. Thus, the court concludes the Commissioner's final decision must be affirmed. Laws v. Celebrezze, supra.

On appeal to this court, Ms. Poindexter, through counsel, makes several argument in support of her contention that the Commissioner's final decision is not supported by substantial evidence. Plaintiff maintains that the Law Judge failed to give proper weight to reports from Dr. Chandler, who performed the second surgery, regarding plaintiff's need to elevate her left lower extremity and apply ice. It is true that Dr. Chandler believes that plaintiff experiences continuing problems with her left lower extremity, as reflected in several, cryptic statements. In a letter submitted to plaintiff's attorney on March 28, 2014, Dr. Chandler submitted the following opinion:

> Sylvia Poindexter has an [A]chilles problem that is expected to prevent her from gainful employment for over a year with anything involving standing or walking.

5

(TR 508). On August 26, 2014, Dr. Chandler commented as follows:

> Sylvia Poindexter has impairment of 13% lower extremity, 5% whole person. She continues to have pain and swelling, need for elevation and ice several times a day.

(TR 511). On December 17, 2014, in one of the medical exhibits submitted to the Appeals Council, Dr. Chandler offered an additional comment:

> Sylvia Poindexter is unable to do any work requiring standing, walking, lifting, and carrying. She must have her left leg elevated.

(TR 18).

As noted above, the Administrative Law Judge did not consider the input from Dr. Chandler to be supportive of a finding of total disability. The court believes this conclusion is consistent with a fair reading of Dr. Chandler's abbreviated assessments. At most, Dr. Chandler's evaluation of plaintiff's residual functional capacity suggests a partial disability, with total inability to do "any work requiring standing, walking, lifting, and carrying." The court believes that such an assessment is consistent with the Law Judge's finding of residual functional capacity for a limited range of sedentary exertion. In short, the court agrees that no treating physician has suggested that plaintiff is totally disabled for all forms of work activity.

In appealing to this court, Ms. Poindexter also argues that the Law Judge's findings as to residual functional capacity are not supported by substantial evidence, and that the Law Judge failed to give proper weight to plaintiff's testimony at the administrative hearing. However, the court must conclude that the Law Judge's assessment of plaintiff's residual functional capacity is consistent with the findings of the treating physicians, as well as with the report of a physical therapist who saw plaintiff following the second surgical procedure. (TR 466). As for plaintiff's testimony, while it is true that Ms. Poindexter indicated that she must elevate her left leg with

6

such frequency as to prevent regular work activity, the court again notes that such testimony is not consistent with input from the treating physician. As implied by the Law Judge, if Dr. Chandler had felt that Ms. Poindexter was unable to do any work, it would have been a simple matter to say so, rather than to observe that she is unable to do work requiring standing, walking, lifting, and carrying. The court concludes that the Law Judge's treatment of these issues is fully consistent with the evidence of record.

Finally, citing Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), Ms. Poindexter urges that the evidence submitted to the Social Security Administration's Appeals Council was not properly considered, and that her case should be remanded for additional review. The court is unable to agree. As noted above, the court does not believe that Dr. Chandler's letter of December 17, 2014 (TR 18) is supportive of Ms. Poindexter's claim of total disability. In other reports submitted for the first time to the Appeals Council, Dr. Robert S. Strong opined that plaintiff's complaints of musculoskeletal pain cannot be attributed to rheumatoid arthritis.[1] (TR 571). In short, the court does not believe that further consideration of the evidence submitted to the Appeals Council would result in any different disposition in Ms. Poindexter's case. Cf. Borders v. Heckler, 777 F.2d 954, 955 (4th 1985). Thus, the court finds no cause for remand of Ms. Poindexter's case to the Commissioner for further development and consideration. In such circumstances, if plaintiff believes that her medical condition has deteriorated, the appropriate course is for Ms. Poindexter to file a new application for benefits, alleging disability onset at some point in time after the date of the Administrative Law Judge's decision in the instant case.

---

[1] Indeed, the court believes that the series of reports from Dr. Strong, a more recent treating physician, do not support the notion that Mrs. Poindexter experienced disabling pain in the left lower extremity during Dr. Strong's period of treatment in 2014.

7

In summary, the court has found substantial evidence in support of the Commissioner's decision denying plaintiff's entitlement to benefits. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. In affirming the final decision of the Commissioner, the court does not suggest that Ms. Poindexter is free of all pain, swelling, and discomfort, especially in her left lower extremity. Indeed, the medical record confirms that plaintiff suffers from definite residual problems following two Achilles tendon surgeries. However, the medical reports from plaintiff's second surgeon simply do not indicate that Ms. Poindexter is disabled for sedentary levels of work not involving the use of the left lower extremity. It is well settled that the inability to do work without any discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge fairly considered all the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 19th day of January, 2017.

*/s/ Conrad*
Chief United States District Judge